[No. 16949.   Department One.   April 19, 1922.]

## HUB MERCANTILE COMPANY, *Respondent,* v. ALBERT STINGLE, *Appellant.*[1]

APPEAL (151½)—PRESERVATION OF GROUNDS—TIMELY EXCEPTIONS AND MANNER OF TAKING. Exceptions to findings of fact, not taken within five days after notice of the findings, as required by Rem. Code, § 383, will be struck out on motion.

SAME (151½). An application to incorporate exceptions to findings in the record must first be made to the trial court.

SAME (131)—PRESERVATION OF GROUNDS—OBJECTIONS TO FINDINGS. Under Rule 23 of the superior court, requiring three days' notice of the signing of findings of fact, except in case of emergency, the emergency will be presumed where the trial court made findings without notice, especially where no motion was made below to vacate.

SAME (136)—PRESERVATION OF GROUNDS—EXCEPTIONS TO FINDINGS. In the absence of exceptions to findings, the facts cannot be considered.

Appeal from a judgment of the superior court for Yakima county, Sessions, J., entered June 2, 1921, upon findings in favor of the plaintiff, in an action on an account, tried to the court. Affirmed.

*F. E. Gordon,* for appellant.
*Rigg & Venables,* for respondent.

TOLMAN, J.—This is an action upon an open, running account, covering a period of some five or six years. Judgment was entered, after trial to the court, against the defendant for $643.34, being a sum slightly less

[1]Reported in 206 Pac. 567.

than the amount claimed, from which judgment he appeals.

We are met at the outset by respondent's motion to strike appellant's exceptions to the findings of fact made by the trial court, because not taken in time.

The case was tried on June 1, 1921, and at the conclusion of the trial the court announced that he then saw no reason why the plaintiff should not have judgment as prayed for, but that he would examine the authorities submitted and if he should change his mind would so announce at the convening of court the next morning. Both counsel in the case advised the court that, because of other engagements, they could not attend upon the court the next day, but no different order was asked for or made. Accordingly, on June 2, 1921, the trial court signed findings of fact, conclusions of law and the judgment as indicated, which were duly filed on that day, and copies thereof were, on the same day, mailed to the attorney for the defendant, with notice of such signing and filing. On June 3, the attorney for defendant prepared, served by mailing, and on June 4 duly filed, a motion for a new trial, among the grounds stated being the following:

"That the findings of fact, conclusions of law and judgment were signed by the court as soon as he rendered his decision, and without first presenting the same to the defendant or his attorney and giving the usual and statutory time for presenting the judgment and findings to the court for his signature."

Thereafter, and while the motion for a new trial was still pending and undisposed of, on July 5, 1921, proper exceptions to the findings of fact were filed. Thereafter the motion for a new trial was denied, and by proper steps the case was removed to this court on appeal. Soon after the case was docketed here, respond-

ent filed its motion in this court to strike from the files appellant's exceptions to the findings of fact and conclusions of law because not made within five days after the findings were entered, or within five days after service of notice of the filing thereof as required by Rem. Code, § 383 (P. C. § 7811). Because of a dispute between the parties as to what the record shows or should show, this motion was passed to the merits. The motion was renewed by respondent in its brief, and, as we view it, must now be granted.

Appellant's counsel seeks to avoid this result by the contention (supported by affidavit) that, when at the conclusion of the trial the court announced its views, a request was made, not shown by the record, to the effect that if the court adhered to those views the defendant have exceptions allowed; that counsel supposed that such exceptions had been by the court duly noted and made a matter of record, and relied upon such supposition until the discovery of the true situation, when he immediately caused proper exceptions to be filed. We are now asked to refer the case for the purpose of having the record corrected accordingly. This we cannot do. The affidavit referred to fails to show specific and definite facts which, if made a part of the record, would place upon the trial court the burden of preserving appellant's rights, and, moreover, if such specific facts exist, the application to have them incorporated in the record should first have been made to the trial court. It is also contended that rule 23 of the superior court, to the effect that findings, etc., except in cases of emergency, will not be signed unless a three-day notice has been given to the opposing party, was violated. It is within the discretion of the trial court to determine when an emergency exists, and in the absence of anything to the contrary, it will

be presumed that the trial court properly determined that an emergency existed, if that be necessary to justify the action taken. In any event, there having been no motion below to vacate and set aside the signing and filing (the motion for a new trial not having that effect), the question cannot now be raised.

In the absence of any exceptions to the findings of fact, the only points we may now consider are, the overruling of the demurrer to the complaint, and the exclusion of evidence offered of long prior and wholly independent transactions between the parties. The complaint was in the usual form and sufficient, and the testimony rejected was immaterial. The order must be, therefore, that respondent's motion to strike be granted, and the judgment be affirmed; and in this case such order works no hardship, because an examination of the evidence convinces us that it does not preponderate against the findings of the trial court, and an affirmance would have followed if the motion had not been interposed.

Judgment affirmed.

PARKER, C. J., MITCHELL, and BRIDGES, JJ., concur.